UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| HEATHER BARB, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case #1:09-cv-785 (JCC/TCB ) |
| | ) |
| BROWN'S BUICK, INC., | ) |
| | ) |
|     Defendant. | ) |

NOTICE AND MOTION TO COMPEL DISCOVERY

Please take notice that on February 5, 2010, at 10:00 a.m., plaintiff Heather Barb, by counsel, will move this court for an order requiring defendant Brown's Buick, Inc. to make proper discovery in response to Ms. Barb's pending requests. In support of this motion, Ms. Barb respectfully represents as follows:

Certification of Effort to Resolve Discovery Dispute

The undersigned respectfully informs the court that this motion is brought following the failure of counsel's efforts to resolve the matters at issue by agreement. On January 20, 2010, counsel conferred by telephone to discuss defendant's omnibus objections to Ms. Barb's discovery. Counsel for defendant stated that he would stand on all of his objections; that he was unable at that time to tell plaintiff's counsel which of the discovery requests Brown's would or would not answer; that he would not be able so to inform plaintiff's counsel until February 8, 2010, the date when Brown's answers are to be served; and that should plaintiff's counsel, prior to February 8, file a motion to compel answers to discovery, he would seek costs and fees.

The following day, defense counsel served "Amended Objections," which, if anything, render the scope of the defendant's objections even broader than before (*e.g.*, whereas before certain words were claimed to be "vague," now the question itself is so characterized, without reference to particular words).  These Amended Objections were accompanied by a cover letter, reiterating that defendant's counsel has not yet reviewed the entire universe of facts, and reiterating that "[w]hether Brown's opts to ultimately stand on a particular objection is a decision the company can only make after its answers have been made and served."

<u>Argument</u>

For good reason, given the "Rocket Docket" that drives litigation in this court, counsel are required to file objections to requested discovery within fifteen days of service, rather than joining their objections (if and to the extent made) to the substantive responses to discovery.  In response to timely objections, it is standard procedure for counsel to work out as many differences as they can, leaving the balance, if any, for resolution by the court if this remains necessary.  This procedure permits the timely provision of substantive discovery, a matter of the highest degree of importance in the development of litigation in this court.

Ms. Barb served defendant with 18 interrogatories and numerous requests for admission.  Defendant objected to every interrogatory question, and to four of the 55 requested admissions at issue on this motion.  The questions and requested admissions, as well as defendant's initial objections thereto, appear in Exhibit A.  Following counsel's conference on these objections, defendant revised its objections: not by narrowing them, but by making many of them more generic than they had initially been.  Defendant's "Amended Objections" appear as Exhibit B.

Nor was defense counsel willing to discuss his objections.  Rather, defendant takes the position that the time to discuss an objection to requested discovery is strictly after the responses have been filed in light of the stated objections – assuming, that is, that responses are filed at all, and without regard to how palpably insufficient they may be.

Ms. Barb begs to differ.  Defendant's protocol nullifies the entire purpose of this court's requirement that discovery objections be stated in advance and negotiated in good faith so that discovery can proceed apace.  If it were indeed so that a party served with discovery need not confer about its objections until the date the discovery responses are due, the court's requirement of filing objections 15 days prior to filing discovery responses would be a meaningless nullity.  For this reason, it is common practice in this court that after objections, to say nothing of boilerplate objections, are filed, counsel will undertake to identify the actual problems – *if any* – discerned in the discovery, so that any remaining differences might be resolved in time for discovery to go forward in timely fashion.  This process of resolving differences is exactly what has been prevented from happening here, by the wholesale filing of woefully inappropriate boilerplate objections by defendant and by defense counsel's refusal even to begin discussing limiting or negotiating his objections until discovery has been made.

It is no response for defendant to say that complete disclosure may yet be made, rendering the instant motion premature.  For it is a matter of common experience in our adversarial system that proper disclosure is often not made where counsel has been permitted to rest on previously stated objections, no matter how inappropriate.  Counsel who are not vigilant to advance a client's interests in this court in timely fashion can end up in serious difficulty given the need to schedule depositions and further discovery in the case, and given this court's

inexorable scheduling practices. Responsive as it is to counsel who seek what they are entitled to obtain, the court is not known to be generous to counsel who remain passive in the face of opposition stonewalling and then complain of disorderly discovery or shortness of time.[1] And all this is without reference to the fact that unless the court provides appropriate guidance at this time, there is every reason to expect that defendant will renew its discovery tactics when Ms. Barb files – as she fully expects to file – supplemental requests. As troublesome as the discovery delays sought here to be avoided is, such delays will be far more problematical as discovery draws to a close. The time to clarify counsel's discovery entitlements and obligations is now.

Determining permissible objections to a question is a quintessentially legal task, not so much fact-dependent as requiring familiarity with the applicable substantive law and the rules of procedure and evidence. In very few cases if any does the making of legal objections require client input regarding the potential response.[2] The very purpose for the requirement of prompt notification of objections is to permit such preliminary lawyerly debates to be completed so that the factual discovery may go forward in timely fashion. This is what has been prevented here, and in a open and brazen manner to boot.

---

[1]Ms. Barb sought this motion to be heard on January 29, but defense counsel is unavailable until February 5. The discovery at issue is due February 8. Were insufficient discovery then made, a motion could not be heard until February 19, with additional discovery being produced some unknown time thereafter. It is precisely this kind of disruptive, step-by-step delay that is sought to be prevented by the early objection rule and the requirement that counsel confer in an effort to resolve discovery disputes.

[2]It is different with document requests, the responses to which depend in part on the nature and volume of potentially responsive documents to be identified in the first place by the client.

## The Interrogatories

With the exception of Ms. Barb's first interrogatory – plaintiff's counsel's firm's standard first question used successfully (and without objection) in this court and many courts for years – every question propounded to defendant has been newly drawn to address claims or defenses specific to this case. The same cannot be said for the objections. Having prefaced its responses to Ms. Barb's questions with three pages of single-spaced general objections, defendant has responded to every single one of Ms. Barb's questions with more or less expansive versions of the identical boilerplate. *See* Exh. A at 4-15; Exh B at 4-15.

Ms. Barb stands on every one of her questions, and asks the court to order that they each be answered in full.[3]

## Requests for Admission

Ms. Barb contests defendant's objections that certain of Ms. Barb's requests for admission are "vague." The requests at issue are ## 15, 16, 25, and 31. *See* Exh. A. As to these items, Ms. Barb respectfully directs the court to her requests at issue, which she believes to be sufficiently clear to warrant a good faith response rather than an objection.

---

[3] Given that defendant has objected to every single question, it seems inappropriate and unduly burdensome for Ms. Barb to undertake to justify each one. Counsel will respond regarding individual questions as the defendant's opposition memorandum may require or as the court may direct.

Conclusion

      For these reasons, Ms. Barb's motion to compel discovery should be granted, the court granting such further relief as it may deem appropriate.  Ms. Barb reserves the right to seek appropriate relief regarding other requested admissions, not addressed here, and regarding her requests for documents, depending on how they are answered.

      Respectfully submitted,

      HEATHER BARB,

      By counsel

Dated:   January 22, 2010

Counsel for plaintiff:


//s// Simon Y. Moshenberg
Simon Y. Moshenberg, #77110
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
(703) 684-1100 / Fax: 703-684-1104
sym@robinhoodesq.com

**Barb\Pleadings\NMCDiscovery**

<u>Certificate of Service</u>

  I, Simon Y. Moshenberg, hereby certify that on this 22d day of January 2010, I electronically filed the foregoing Notice and Motion to Compel Discovery with the clerk of the court, which will notify counsel of same.

      Jack W. Burtch, Jr., Esq.
      Douglas R. Burtch, Esq.
      Macaulay & Burtch, P.C.
      1015 East Main Street
      P.O. Box 8088
      Richmond, VA  23223-0088

            <u>//s// Simon Y. Moshenberg</u>
            Simon Y. Moshenberg, #77110
            Victor M. Glasberg & Associates
            121 S. Columbus Street
            Alexandria, VA  22314
            (703) 684-1100 / Fax: 703-684-1104
            sym@robinhoodesq.com

            Counsel for plaintiff