UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| HEATHER BARB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case #1:09-cv-785 (JCC/TCB ) |
| | ) |
| BROWN'S BUICK, INC., | ) |
| | ) |
| Defendant. | ) |

REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Having refused to discuss or otherwise seek resolution of its objections to the interrogatories and four of the requested admissions served by plaintiff Heather Barb, defendant Brown's Buick, Inc. responds to Ms. Barb's motion to compel discovery by asserting, before this court, a right not to confer or seek resolution pending the time, thirty days from service of the discovery requests, that responses are to be provided. (The "conferring" in which defense counsel engaged amounted to advising plaintiff's counsel that no substantive discussion of its objections could take place until defendant had made its discovery after the passage of 30 days.) Apart from this categorical position, defendant offers no justification for its refusal to discuss (or limit or withdraw) any of its objections. Defendant confirms that it re-stated its initial boilerplate objections with revised boilerplate.[1]

---

[1] As Ms. Barb has put both sets of discovery objections before the court, there is no purpose in debating whether, by dropping certain explanatory terms from its objections, defendant narrowed the original boilerplate, as defendant contends, or broadened it by making it more generic, as Ms. Barb believes. The court can determine the matter for itself. For her part, Ms. Barb objects to both sets of defendant's objections, and most particularly to defendant's refusal to try to resolve them prior to making any discovery.

Beyond defendant's categorical position, defendant offers the following discrete objections, such as they are, to Ms. Barb's discovery, Opp.Mem. at 4-5:

* Question #8, addressing basic points about Ms. Barb's tenure at work, asks for information about her salary and for clarification of her place within the company's organization as of the time of her employment. The question – one of 18 in Ms. Barb's interrogatories – is objectionable as a "compound" inquiry.

* Request for admission #15 asks for an admission that "In November 2007, Ms. Barb told Laura Major that she had a condition that threatened her ability to carry her fetus to term, *or words to that effect*." The latter five words are "vague," "ambiguous," "subjective" and "subject to multiple interpretations."

* Request for admission #16 asks for an admission that "In November 2007, Ms. Barb told Laura Major that she had a condition that would require surgery to save her pregnancy, *or words to that effect*." The last five words suffer from the same alleged defects noted above.[2]

* All of plaintiff's interrogatories conclude with the same sentence: "As part of your answer, identify all persons having knowledge of same, and all documents memorializing, referring or relating to same." [3] This phrase, which counsel has used for 30+ years without incident, is supposed to present some kind of problem.

---

[2] Defendant offers an equally cogent defense of its objection to a request for documents, *id*., but Ms. Barb has not moved to compel the production of any documents.

[3] This permits counsel's first request for documents to read: "All documents, the identity of which is requested in the preceding interrogatories," without having to itemize as a separate document request every item addressed in the interrogatories.

Defendant faults Ms. Barb for not specifying "what aspects of Brown's answers are not in compliance with the rules." *Id.* at 5. But Ms. Barb is not faulting defendant's answers, which she does not have and will not have until February 8. She is faulting defendant's categorical unwillingness – now confirmed, astonishingly, to this court – *to consult with a view to resolving perceived difficulties with her discovery requests, so that proper, agreed-upon responses may be made in timely fashion.*

Local Rule 37(A) expressly states that the party seeking resisted discovery may place the matter before the court "[a]fter a discovery request is objected to," not merely after discovery is not made. This is precisely what Ms. Barb has done, and done properly, and precisely what defendant has now seen fit to state to the court that it rejects, on its own authority. In fact, however, and defendant's views on these matters notwithstanding, the common practice of lawyers in this court, and the practice routinely required and enforced by the judges of this court, is for counsel to abide by the rules of court, and in particular, to confer in good faith following the service of discovery objections so as to permit proper discovery to proceed without delay, or to permit the court promptly to rule on articulated objections.[4]

---

[4]Prompt discovery, mandated and always essential in the Rocket Docket, is particularly important here. Counsel principally moving the case forward for Ms. Barb – Mr. Moshenberg – will be taking a month long paternity leave following the birth of his first child, currently expected March 2. By reason of other discovery and trial schedules, it is a matter of consequence for depositions in this case to take place in February, before that leave commences, to the extent this can be arranged. Ms. Barb does not wish to commence a discovery motions practice only on February 8 (with a hearing on February 19) in light of what threatens to be an inappropriately truncated discovery, given defendant's massive boilerplate objections and its unrelenting posture before this court in remarkable disregard of court rules. It is also appropriate to put an end, now, to this kind of discovery stonewalling for the remainder of this case.

Ms. Barb respectfully stands on each of her questions, and each of the four requests for admission sought here to be compelled. Each is before the court. They are on their face appropriate discovery, and defendant has utterly failed to justify any objection to them, nor why it has refused to discuss its objections.

### Ms. Barb Agrees That an Award of Fees and Costs is Warranted

Citing *Fed.R.Civ.P.* 37 and 28 U.S.C. §1927, defendant urges this court to award fees and costs arising out of the "vexatious multiplication of the proceedings" memorialized by the instant dispute. *Id*. at 6. Ms. Barb joins defendant in believing that fees and costs should be imposed by reason of the frivolous and wasteful filings and actions here at issue. The parties differ, however, as to the identity of the party against whom, and the one in whose favor, such sanctions should be awarded. Ms. Barb is content to leave that decision to the discretion of the court, in light of Local Rule 37(G) addressing, *inter alia*, "unwarranted opposition to proper discovery proceedings." Counsel will have an itemization of plaintiff's counsel's time and hourly rates available as needed.

### Conclusion

For these reasons, the court should grant Ms. Barb's motion to compel, and award attorney's fees and costs arising out of the matters at issue. Ms. Barb respectfully requests the court to direct counsel for defendant to engage in good faith negotiations with opposing counsel promptly upon being asked to do so after having served objections to future discovery.

Respectfully submitted,

HEATHER BARB,

By counsel

Dated: February 2, 2010

Counsel for plaintiff:


//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Simon Y. Moshenberg, #77110
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA  22314
(703) 684-1100 / Fax: 703-684-1104
vmg@robinhoodesq.com

Barb\Pleadings\PlfRpySuppMCD

Certificate of Service

      I, Victor M. Glasberg, hereby certify that on this 2nd day of February 2010, I electronically filed the foregoing Reply Memorandum in Support of Motion to Compel Discovery with the clerk of the court, which will notify counsel of same.

                Jack W. Burtch, Jr., Esq.
                Douglas R. Burtch, Esq.
                Macaulay & Burtch, P.C.
                1015 East Main Street
                P.O. Box 8088
                Richmond, VA 23223-0088

                                            //s// Victor M. Glasberg
                                            Victor M. Glasberg, #16184
                                            Simon Y. Moshenberg, #77110
                                            Victor M. Glasberg & Associates
                                            121 S. Columbus Street
                                            Alexandria, VA 22314
                                            (703) 684-1100 / Fax: 703-684-1104
                                            vmg@robinhoodesq.com

                                            Counsel for plaintiff