```
                UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                      Alexandria Division
```

Heather Barb,                      )
                                   )
    Plaintiff,                )
                                   )
    v.                        )  Civil Action No. 1:09cv785
                                   )
Brown's Buick, Inc.,               )
                                   )
    Defendant.                )

## Memorandum Opinion

THIS MATTER came before the Court on plaintiff's Motion to Compel Discovery (Dkt. 27). The Court has reviewed the pleadings and makes the following findings:

First, plaintiff's motion is not premature. Although there may be certain circumstances in which it may be prudent for counsel to wait until discovery responses are provided, in this case, given the breadth of defendant's objections and defendant's counsel's unwillingness to negotiate until after responses to the discovery requests are provided, plaintiff was justified in bringing the motion at this time.

Fed. R. Civ. P. 33 requires objections to discovery to be made with specificity. For that reason, this Court discourages the use of general objections. Defendant's "General Objections" and "General Statements" contained in its Amended Objections do not relate to any particular discovery request and, in fact, are nothing more than boilerplate, designed to obfuscate. It is impossible to tell which, if any, of these General Objections or General Statements would actually be relied upon with respect to

any particular Interrogatory.  They are not specific nor appropriate and are, therefore, stricken.

Defendant's specific objections to plaintiff's discovery are, in reality, no better.  To most of plaintiff's interrogatories, defendant objected as follows:

> "Brown's objects to this interrogatory to the extent that it is vague and ambiguous, to the extent it is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information to which plaintiff has equal access."

The Court has reviewed each of plaintiff's interrogatories and, unlike defendant's objections, finds that they are pointed, specific, clear, not vague, and are reasonably calculated to lead to the discovery of admissible evidence.  Therefore, all of defendant's objections to plaintiff's interrogatories are stricken.

The Court further finds that defendant's objections to plaintiff's Request for Admissions, though far fewer, are without merit and are stricken.

Defendant's objections to plaintiff's Request for Production of Documents are, again, nothing more than boilerplate and are stricken, except with regard to any legitimate privilege objections for which a privilege log is submitted along with discovery responses.

Pursuant Fed. R. Civ. P. 37(a)(5), this Court, upon granting this motion, must require the party whose conduct necessitated the

motion to pay reasonable attorneys' fees and costs. Therefore, within fourteen (14) days of the date of this Order, plaintiff may file a statement of fees and costs associated with this motion. Defendant shall have ten (10) days after plaintiff's filing to file an objection to said statement.

An appropriate Order shall be issued.

ENTERED this 2nd day of February, 2010.

_____/s/_____<br>
THERESA CARROLL BUCHANAN<br>
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia